NEW YORK CENT. & H. R. R. CO. *v.* ALDRIDGE *et al.*, (four cases.)

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

RIPARIAN RIGHTS—GRANT OF LANDS UNDER WATER—OBSTRUCTION OF RIVER FRONT.
    The Hudson River Railroad Company, under its charter authorizing the construction of its road along the east shore of the Hudson river, cannot be regarded as an adjacent owner, within Rev. St. (7th Ed.) p. 573, § 67, forbidding grants of lands under water "to any person other than the proprietor of the adjacent land," and therefore cannot maintain ejectment against a person claiming under a subsequent state grant of such lands, the use of which does not interfere with the operation of the company's railway. *Rumsey* v. *Railroad Co.*, 21 N. E. Rep. 1066, 114 N. Y. 423, followed.

Appeal from circuit court, Dutchess county.

Ejectment by the New York Central & Hudson River Railroad Company against Thomas Aldridge and others (four cases) to recover a strip of land on the east shore of the Hudson river. Plaintiff claimed title to the same under a state grant, December 26, 1873, as of lands partly covered by water. Defendants claimed under conveyances of the adjacent uplands, and under a

state grant of lands partly covered by water adjacent to his uplands, issued May 5, 1869, "subject to all rights and privileges in and to said premises, or any part thereof which the Hudson River Railroad Company may have acquired under its charter." The strip in controversy lay between the company's retaining-wall and low-water mark of the river, and on it defendants had built brick-yard docks and kiln-sheds. From a judgment for defendants, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before DYKMAN and PRATT, JJ.

*Wilkinson & Cossum,* for appellant.    *H. H. Hustis,* for respondent.

DYKMAN, J.    If the doctrine enunciated by the court of appeals in the case of *Rumsey* v. *Railroad Co.*, 114 N. Y. 423, 21 N. E. Rep. 1066, is to have its full force and operation, and is to be followed to its legitimate conclusion and result, it will require the affirmance of this judgment. In that case it was held to have been the intention of the legislature, in the passage of the law of 1846, incorporating the Hudson River Railroad Company, and authorizing the construction of its railroad along the east shore of the Hudson river, to protect the upland owners along that shore in their access to the waters of the river, and to maintain their rights in the river unimpaired by the construction of the railroad, and that it did not change the policy of the state with reference to the promotion of commerce on the river, or deprive the commissioners of the land-office of the power to make grants of land under water to the owners of the uplands. In the elaboration of the principle thus expressed in the condensed head-note, it was said, substantially, that the railroad company cannot be regarded as an adjacent owner, within the meaning of the statutes respecting water-grants, and has no capacity to acquire land for any purpose, except such as are defined in its charter. It was also further said, in substance, that the capacity of the railroad company to deal with the lands it acquired was a limited one, and insufficient to enable it to use such land for the purpose of promoting the commerce of the state upon the river; that the corporation does not come within the class of persons named in the acts relating to water-grants, and cannot be a grantee of state lands for the purposes named in those statutes. In relation to chapter 283, Laws 1850, which provides that no grant shall be made by the commissioners of the land-office which will interfere with the rights of the Hudson River Railroad Company, it was said the act could have application only to grants made to an owner whose shore-line is east of the railroad, as no other grants could interfere with the rights of the railroad company. And it was said that even that statute implied a power to make such grants because it contemplates a grant of land under water west of the railroad to a proprietor whose upland is east of the railroad, which will be valid if the rights of the railroad company are protected. The action reported in 114 N. Y. was brought to restrain the railroad company from operating its road over the lands granted to the plaintiff by the state lying under water, but there was another action commenced by the same plaintiff against the same defendant to recover damages for the obstruction of the plaintiff's mode of access to the Hudson river, and that action went also to the court of appeals, and was heard in the first division. The plaintiff was defeated in the lower court, and, as the decision of the case depended upon the same questions as the other suit between the same parties, they were again presented to the first division, and the judgment was reversed upon the authority of *Rumsey* v. *Railroad Co.*, 114 N. Y. 423, 21 N. E. Rep. 1066; and the opinion in that case was fully sustained, and its doctrines reiterated. This last decision is reported in 125 N. Y. 681, but the opinion is not printed. It is printed, however, in 25 N. E. Rep. 1080, (No. 20, Jan. 16, 1891.) Since the foregoing was written the injunction suit of *Rumsey* v. *Railroad Co.* has been decided again by the second

division of the court of appeals, and the former decisions are both sustained. *Rumsey* v. *Railroad Co.*, 28 N. E. Rep. 763, (No. 19, Nov. 27, 1891.) Besides adhering to the former decisions, the court determined some other questions against the defendant in favor of land grants to the original upland proprietors, which will restrict the use of lands acquired by the Hudson River Railroad Company to the purposes contemplated by the charter of that corporation. The foregoing views cannot be reconciled with the claim of the plaintiff in this action, and require the affirmance of the judgment, with costs.